IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02223-REB-BNB

INGRID M.CARTINELLE,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY,
TRANSPORTATION SECURITY ADMINISTRATION, and
DENVER INTERNATIONAL AIRPORT, Denver, Colorado,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's letter (the "Letter") filed February 11, 2009, in which she requests a 60 day extension of time to serve the defendants.

As a preliminary matter, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Id. at 7(b)(2). The plaintiff submitted her request in the form of a letter, not a motion. The plaintiff is directed to submit all future requests to the Court in the form of a motion.

The plaintiff filed her Title VII Complaint on October 14, 2008 [Doc. #1]. On October 30, 2008, I ordered the plaintiff to file proof of service on or before February 17, 2009 [Doc. #5]. The plaintiff requests an additional 60 days to serve the defendants.

Rule 4(m), Fed. R. Civ. P., provides in part:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the

> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on February 11, 2009. I granted the plaintiff until February 17, 2009, to serve the defendants. The plaintiff seeks an additional 60 days "due to an illness, a death of a family member and looking for a job and a new place to live."

The Tenth Circuit's decision in <u>Espinoza v. United States</u>, 52 F.3d 838 (10th Cir. 1995), establishes the procedure to be applied in determining whether to dismiss a case for failure to complete service of process:

> The preliminary inquiry to be made under Rule 4(m) is whether the
> plaintiff has shown good cause for the failure to timely effect
> service. In this regard, district courts should continue to follow the
> cases in this circuit that have guided that inquiry. If good cause is
> shown, the plaintiff is entitled to a mandatory extension of time. If
> the plaintiff fails to show good cause, the district court must still
> consider whether a permissive extension of time may be
> warranted. At that point the district court may in its discretion
> either dismiss the case without prejudice or extend the time for
> service.

<u>Id.</u> at 841.

There is no definitive statement of what constitutes "good cause" under Rule 4(m). One court in this circuit has noted:

> Although Rule 4(m) does not define good cause, the Tenth Circuit
> "has interpreted the phrase narrowly, rejecting inadvertence or
> neglect as 'good cause' for untimely service." Similarly,
> "[m]istake of counsel or ignorance of the rules also usually do not
> suffice."

Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 155 (D. Kan. 1996) (internal citations omitted). And in Slater v. Cincinnati Ins. Co., 165 F.R.D. 100 (D. Kan 1996), the court further explained:

> [P]rejudice to a plaintiff from the running of a statute of limitations does not constitute good cause, nor does an absence of prejudice to a defendant. Likewise, the failure of a process server to perform does not constitute good cause, because it is the responsibility of counsel to monitor the process server to ensure that defendant is properly served . . . . [D]efendant's evasion of service might constitute good cause.

Id. at 101 (internal citations omitted).

In this case, I conclude that the plaintiff is not entitled to a mandatory extension of time because she has not shown good cause for her failure to complete service of process. She has had four months to complete service, but has chosen to neglect her obligation to timely serve the defendants in favor of personal circumstances. The district judge has informed me that he will set his cases for trial within not more than 15 months from the filing of the complaint. Therefore, the defendants must be served expeditiously, and a schedule must be set for completion of discovery and other pretrial matters.

The lack of good cause notwithstanding, I will grant the plaintiff a permissive 30 day extension of time to serve the defendants.

IT IS ORDERED that the plaintiff shall complete service of process against all unserved defendants and file proof of service with the Clerk of the Court on or before **March 17, 2009**. Failure to comply with this Order will result in my recommendation to the district judge that this action be dismissed.

IT IS FURTHER ORDERED that in the future, the plaintiff shall submit all requests to the Court in the form of a proper motion.

Dated February 20, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4