IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02223-REB-BNB

INGRID M.CARTINELLE,
PAMELA K. HELSPER,
DWAIN BROWN, and
JOHN F. NOBLE,

Plaintiff,

v.

JANET NAPOLITANO, Secretary, Department of Homeland Security (DHS), and
TRANSPORTATION SECURITY ADMINISTRATION (TSA),

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion to Dismiss the Claims of Plaintiffs Helsper and Brown** [Doc. #35, filed 01/28/201], (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I. STANDARD OF REVIEW

The defendant brings this Motion pursuant to Rule 12(b)(6), Fed. R. Civ. P. In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). A party is deemed to have been given a reasonable opportunity to respond if the party does not attempt to exclude the supporting documents, but responds in kind to the movant's attempt to convert the motion. Nichols v.

United States, 796 F.2d 361, 364 (10th Cir.1986); Lamb v. Rizzo, 391 F.3d 1133, 1136-37 (10th Cir. 2004).

Here, the defendant submits exhibits in support of the Motion. In response, the plaintiffs do not attempt to exclude the exhibits. Rather, they set forth a statement of facts which includes the facts established by the defendant's exhibits. I find that the parties have been given a reasonable opportunity to brief the matter as provided in Rule 56. I have included the defendant's exhibits and the plaintiffs' statement of facts in my determination of this matter. I shall, therefore, treat this Motion as a Rule 56 motion for summary judgment.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.

Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS

1. The Amended Complaint is brought by plaintiffs Ingrid Cartinelle, Pamela Helsper, Dwain Brown, and John Noble. The plaintiffs assert that they have been discriminated against by various supervisors and managers of the Transportation Safety Administration ("TSA") under the Department of Homeland Security ("DHS") at the Denver International Airport. *Complaint*, ¶ 10. The Amended Complaint asserts two claims. Claim One alleges violations of Title VII of the Civil Rights Act of 1964 and 28 U.S.C. § 1915. Id. at ¶¶ 20-23. Claim Two alleges that the actions of the supervisors and managers constituted wrongful discharge and intentional infliction of emotional distress. Id. at ¶¶ 24-30.

2. On October 29, 2008, plaintiff Pamela Helsper received a final agency decision on her claim of discrimination against the TSA. *Motion*, Ex. 1 [Doc. #35-2]; *Memorandum Brief in Response and Opposition to Motion to Dismiss Plaintiff Helsper and Plaintiff Brown* [Doc. #41] (the "Response"), p. 2, ¶ 1.

3. On January 27, 2009, Ms. Helsper filed an action in this court against TSA and the Secretary of the DHA. *Civil Action No. 09-cv-00164-REB-CBS*, Doc. #1.[1] Ms. Helsper was proceeding *pro se*. Id.

4. On April 20, 2009, the court held a Status Conference. Id. at Doc. #6. The court advised Ms. Helsper of Rule 4(i) and the 120 day deadline for service of the Complaint. In

---

[1] I may take judicial notice of the records in the plaintiffs' previously filed cases. Fed. R. Evid. 201.

addition, a discussion was held regarding Ms. Helsper's claims. Because her claims were not set forth in the Complaint, she was advised that she could file an amended complaint prior to being served with a responsive pleading from the defendant. Id.

5. On May 26, 2009, Ms. Helsper filed a motion for a 60 day extension of time to amend her Complaint. Id. at Doc. #10. She was granted until July 3, 2009, to file an amended complaint. Id. at Doc. #16.

6. On June 19, 2009, Ms. Helsper sought an additional five day extension of time to amend her Complaint. Id. at Doc. #17. She was granted an extension of time to July 8, 2009. Id. at Doc. #19. Ms. Helsper did not file an amended complaint.

7. On July 15, 2009, the defendant filed a motion to dismiss the Complaint for failure to comply with Rule 8(a), Fed. R. Civ. P., and failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. Id. at Doc. #20.

8. On August 6, 2009, the court scheduled a telephonic Status Conference for August 21, 2009 at 8:30 a.m. Id. at Doc. #23. Ms. Helsper failed to appear for the conference. Id. at Doc. #24. The court noted that she had not filed an amended complaint pursuant to the order dated June 23, 2009; she had not responded to the defendant's motion to dismiss; and she had failed to comply with the court's order of August 6, 2009. Id. The court stated that "[b]ased upon Ms. Helsper's failure to comply with court orders, to diligently prosecute this case, and to respond to the Motion to Dismiss" a recommendation to dismiss the case would issue. Id.

9. At 4:53 on August 21, 2009 (the date of the Status Conference), Ms. Helsper filed a motion to reschedule the Status Conference. Id. at Doc. #25. The court set a hearing on the motion for September 1, 2009. Id. at Doc. #27. Ms. Helsper did not appear for the hearing, and

4

she did not notify the court. The court attempted to contact Ms. Helsper by phone and received a voice message. Id. at Doc. #28.

10. On September 4, 2009, the court recommended that Ms. Helsper's case be dismissed without prejudice pursuant to Rules 8 and 12(b)(6), Fed. R. Civ. P., or in the alternative be dismissed with prejudice pursuant to Rule 41(b), Fed. R. Civ. P., and D.C. COLO. LCivR 41.1 "based upon Ms. Helsper's failure to appear at the August 21, 2009 telephonic status conference and the September 1, 2009 motions hearing, failure to respond to Defendant's pending Motion, failure to timely amend her Complaint, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action." Id. at Doc. #29.

11. On September 11, 2009, Ms. Helsper, through counsel, filed a motion to consolidate her case with the cases of Ingrid Cartinelle and Dwain Brown and a motion for leave to file an amended complaint. Id. at Doc. #32.

12. On November 19, 2009, the parties filed a stipulation to dismiss the case without prejudice. Id. at Doc. #35. The stipulation was signed by Ms. Helsper's counsel and the defendant's counsel. Id. Pursuant to the stipulation, the action was dismissed without prejudice on November 19, 2009. Id. at Doc. #36. All pending motions, including Ms. Helsper's motion to consolidate and motion to amend the complaint, were denied as moot. Id.

13. On March 4, 2009, plaintiff Dwain Brown received a final agency decision on his claim of discrimination against the TSA. *Motion*, Ex. 2 [Doc. #35-5]; *Memorandum Brief in Response*, p. 3, ¶ 6.

14. On May 28, 2009, Mr. Brown filed an action in this court against the Secretary of the DHA. *Civil Action No. 09-cv-01317-ZLW*, Docs. #1 and #3. Mr. Brown was proceeding *pro se*. Id. The court issued an order informing Mr. Brown that his Complaint was missing pages 3-6 and directing him to cure the deficiency within 30 days or his Complaint would be dismissed without prejudice. Id. at Doc. #2.

15. On July 22, 2009, the court dismissed without prejudice Mr. Brown's Complaint because he did not cure the deficiency. Id. at Doc. #4.

16. On September 11, 2009, Mr. Brown, through counsel, filed a motion for leave to file an amended complaint and a motion to consolidate his case with the cases of Ingrid Cartinelle and Pamela Helsper. Id. at Doc. 6. The motion was denied as moot "because this action was dismissed by order filed on July 22, 2009." Id. at Doc. #7.

17. Plaintiff Ingrid Cartinelle filed the instant action on October 14, 2008, while proceeding *pro se*.

18. On September 11, 2009, Ms. Cartinelle, through counsel, filed a motion for leave to file an amended complaint and a motion to consolidate her case with the cases of Pamela Helsper and Dwain Brown. Id. at Doc. #16. The motion to consolidate was denied because Ms. Helsper's case and Mr. Brown's case had been dismissed. Id. at Doc. #19. The motion to amend was granted insofar as the Ms. Cartinelle sought to "clearly and completely" set forth her claims. Id.

19. On December 7, 2009, the Amended Complaint was filed naming as plaintiffs Ms. Cartinelle, Ms. Helsper, Mr. Brown, and John Noble. Id. at Doc. #21.

### III. ANALYSIS

### A. Claim One

Claim One is brought in part under 28 U.S.C. § 1915. Section 1915 addresses *in forma pauperis* proceedings and does not provide the plaintiffs with a cause of action. I respectfully RECOMMEND that Claim One be DISMISSED insofar as it is brought pursuant to section 1915.[2]

Claim One is also asserted under Title VII. Pursuant to 42 U.S.C. § 2000e-16(c), a federal employee is authorized to file a civil action in federal district court within 90 days after a final decision by an agency, or a final decision by the EEOC of an appeal of an agency's final decision.[3] Here, Ms. Helsper received her notice of the final decision on October 29, 2008, and Mr. Brown received his notice on March 4, 2009. They were not joined as plaintiffs in this action until December 7, 2009--more than 90 days beyond their right to sue date. Therefore, absent tolling, their Title VII claims are barred.

"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995). "Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996). In addition:

---

[2] I note that none of the plaintiffs are proceeding *in forma pauperis* in this case. Further, Ms. Helsper and Mr. Brown did not proceed *in forma pauperis* in their previous cases.

[3] The parties do not assert, and the record does not demonstrate, that Ms. Helsper or Mr. Brown appealed the final agency decision to the EEOC.

7

> The Tenth Circuit has generally recognized equitable tolling of
> Title VII time limitations only if the circumstances of the case rise
> to the level of active deception which might invoke the powers of
> equity to toll the limitations period. For instance, equitable tolling
> may be appropriate where a plaintiff has been lulled into inaction
> by her past employer, state or federal agencies, or the courts.
> Likewise, if a plaintiff is actively misled, or has in some
> extraordinary way been prevented from asserting his or her rights,
> we will permit tolling of the limitations period.

Id. at 1267-68 (internal quotations and citations omitted).

The undisputed material facts do not establish any basis for equitable tolling of Mr. Brown's and Ms. Helsper's Title VII claims. Brown and Helsper argue that they are entitled to equitable tolling because they "filed their complaints within the required time and then proceeded as diligently as they could to find counsel, to further amend their pleadings, to consolidate and amend the complaints, until they were finally made plaintiffs in the instant case." *Response*, p. 7.

I am aware that courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). However, courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. Although both plaintiffs filed their previous complaints within the 90 day limitations period, the undisputed material facts show that neither plaintiff exercised reasonable diligence to preserve his or her legal rights. Accordingly, the Motion should be granted insofar as it seeks dismissal of Ms. Helsper's and Mr. Brown's Title VII claims.

### B. Claim Two

Claim Two alleges that the actions of the supervisors and mangers constituted wrongful discharge and intentional infliction of emotional distress. The defendant does not address these claims. Therefore, I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the claims asserted in Claim Two.

### IV. CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Ms. Helsper's and Mr. Brown's Title VII claims as asserted in Claim One and DENIED to the extent it seeks dismissal of their claims as asserted in Claim Two.

Further, it is RECOMMENDED that Claim One be DISMISSED insofar as it is brought pursuant to 28 U.S.C. § 1915.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 4, 2010.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge