IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02223-REB-BNB

INGRID M.CARTINELLE,
PAMELA K. HELSPER,
DWAIN BROWN, and
JOHN F. NOBLE,

Plaintiff,

v.

JANET NAPOLITANO, Secretary, Department of Homeland Security (DHS), and
TRANSPORTATION SECURITY ADMINISTRATION (TSA),

Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the following motions (the "Motions"):

1. **Defendant's Motion to Dismiss Plaintiffs Helsper and Brown's Tort Claims for Lack of Jurisdiction** [Doc. #54, filed 07/22/2010], (the "Helsper Motion"); and

2. **Defendant's Motion to Dismiss Plaintiffs Cartinelle and Noble's Tort Claims for Lack of Jurisdiction** [Doc. #63, filed 09/09/2010], (the "Cartinelle Motion").[1]

---

[1]The Motions are brought only on behalf of defendant Janet Napolitano. Beginning with Doc. # 35, the defendants deleted all reference to the Transportation Security Administration ("TSA") as a defendant, and all subsequent filings were made only on behalf of Janet Napolitano. The defendants noted in their Motion for More Definite Statement [Doc. # 10, filed 5/12/2009] that "[t]he only proper defendant in an employment discrimination action brought under Title VII . . . is the head of the agency by which the plaintiff is employed." Id. at p. 1 n. 1. This case, until now, has involved Title VII and tort claims, however. The defendants have not sought leave to amend the caption to delete TSA, and none has been granted. As discussed *infra*, however, the plaintiffs have abandoned their tort claims, Stipulation of Facts [Doc. # 81, filed 1/13/2011] at ¶4; only Title VII claims remain; and the Secretary of the Department of Homeland Security is the only proper defendant. See Johnson v. U.S. Postal Serv., 861 F.2d

I respectfully RECOMMEND that the Motions be GRANTED.

The plaintiffs filed their Amended Complaint (the "Complaint") on December 7, 2009 [Doc. #21].  The Complaint is brought by plaintiffs Ingrid Cartinelle, Pamela Helsper, Dwain Brown, and John Noble.  The plaintiffs assert that they were discriminated against on the basis of gender and race by various supervisors and managers of the Transportation Security Administration ("TSA")[2] at the Denver International Airport.  *Complaint*, ¶ 10.

The Complaint asserts two claims.  Claim One alleges violations of Title VII of the Civil Rights Act of 1964 and 28 U.S.C. § 1915.  Id. at ¶¶ 20-23.  Claim Two alleges that the actions of the supervisors and managers constituted wrongful discharge and intentional infliction of emotional distress.  Id. at ¶¶ 24-30.  Claim One has been dismissed as to all plaintiffs insofar as it asserts a cause of action under 28 U.S.C. § 1915 and as to plaintiffs Helsper and Brown insofar as it asserts claims under Title VII [Doc #53].  The Motions seek an order dismissing Claim Two with respect to all plaintiffs.

The Motions are filed pursuant to Rule 12(b)(1), Fed. R. Civ. P.  The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on

1475, 1477 (10th Cir. 1988), citing 42 U.S.C. § 2000e-16(c).

[2]The plaintiffs' caption identifies the Transportation Security Administration as a defendant, but the text of the Amended Complaint identifies the Transportation Safety Administration as the plaintiffs' employer.  Amended Complaint [Doc. # 21] at ¶ 1. Transportation Security Administration is the correct name.

the complaint, a district court must accept the allegations in the
complaint as true.

Second, a party may go beyond allegations contained in the
complaint and challenge the facts upon which subject matter
jurisdiction depends. When reviewing a factual attack on subject
matter jurisdiction, a district court may not presume the
truthfulness of the complaint's factual allegations. A court has
wide discretion to allow affidavits, other documents, and a limited
evidentiary hearing to resolve disputed jurisdictional facts under
Rule 12(b)(1). In such instances, a court's reference to evidence
outside the pleadings does not convert the motion to a Rule 56
motion.

However, a court is required to convert a Rule 12(b)(1) motion to
dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
judgment motion when resolution of the jurisdictional question is
intertwined with the merits of the case. The jurisdictional question
is intertwined with the merits of the case if subject matter
jurisdiction is dependent on the same statute which provides the
substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## TITLE VII PREEMPTION

Napolitano[3] argues that the plaintiffs' claims for wrongful discharge and intentional

infliction of emotional distress are preempted by Title VII because they "rely on the same facts"

as the Title VII claims. *Helsper Motion*, p. 5; *Cartinelle Motion*, p. 5. Napolitano cites cases

from other circuits in support of this argument. The Tenth Circuit has held, however:

Section 708 of Title VII, 42 U.S.C. § 2000e-7, makes it plain Title
VII does not "exempt or relieve" defendants from any "liability" or
"duty" of state law unless such law requires or permits "the doing
of any act which would be an unlawful employment practice"
under Title VII. Accordingly, the test for determining if Title VII
preempts state law is whether the state law permits employment
practices that violate or contradict Title VII. Federal law
generally preempts state law only in cases where compliance with

---

[3]See note 1, *supra*.

3

both federal and state regulations is a physical impossibility, or the
state law stands as an obstacle to the accomplishment and
execution of the full purposes and objectives of Congress. *Guerra*
makes it plain that Title VII does not manifest Congress' intent to
occupy the field of employment discrimination law, especially in
cases like this, where the state tort claims Ms. Pascouau made
merely augment her federal claims and do not conflict with the
provisions of Title VII or prevent the accomplishment of its
purposes.  Consequently, we hold the district court should not have
granted summary judgment on this basis. *See, e.g., Alexander v.
Gardner-Denver Co.*, 415 U.S. 36, 48-49, 94 S.Ct. 1011, 39
L.Ed.2d 147 (1974) ( "[T]he legislative history of Title VII
manifests a congressional intent to allow an individual to pursue
independently his rights under both Title VII and other applicable
state and federal statutes.").

Pascouau v. Martin Marietta Corp., 185 F.3d 874, No. 98-1099, 1999 WL 495621, at *11 (10th

Cir. July 14, 1999) (internal quotations and citations omitted except where noted).

Napolitano does not address whether the state law underlying the plaintiffs' tort claims

permits employment practices that violate or contradict Title VII.  Accordingly, the Motions

should be denied insofar as they seek dismissal of the plaintiffs' tort claims on the basis that they

are preempted by Title VII.

### CIVIL SERVICE REFORM ACT

Napolitano argues that the plaintiffs' claims for wrongful discharge are barred by the

Civil Service Reform Act ("CSRA") to the extent the plaintiffs are challenging federal personnel

decisions.  *Helsper Motion*, pp. 8-9; *Cartinelle Motion*, p. 8.  The CSRA provides "the exclusive

procedure for challenging federal personnel decisions.  Thus, adjudication of state law claims

within the scope of the CSRA would create an obstacle to the attainment of Congress's goal of

unifying challenges to federal personnel decisions in a single administrative forum."  Petrini v.

Howard, 918 F.2d 1482, 1485 (10th Cir. 1990).  When state law tort actions "complain of activities prohibited by the CSRA they are preempted by the CSRA."[4]  Id.

The CSRA provides a comprehensive list of "prohibited personnel practices."  5 U.S.C. § 2302.  Napolitano does not provide any meaningful discussion of the plaintiffs' claims as compared to the CSRA's "prohibited personnel practices," and the case cited by Napolitano does not clarify the defendant's position.

It is not my responsibility to search the CSRA for provisions which support a party's argument.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  Litigants must provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence.  Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).  The Motions should be denied insofar as they seek dismissal of the plaintiffs' wrongful discharge claims as barred by the CSRA.

## FEDERAL EMPLOYEES COMPENSATION ACT
## AND FEDERAL TORT CLAIMS ACT

Napolitano argues that the plaintiffs' claims for intentional infliction of emotional distress are foreclosed by the Federal Employees Compensation Act ("FECA").  *Helsper Motion*, pp. 6-8; *Cartinelle Motion*, pp. 6-7.  FECA is a workers' compensation plan for federal employees.  20 C.F.R. § 10.0; Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002).  FECA provides that the United States shall pay compensation for the disability of an employee resulting from personal injury sustained while in the performance of his or her duty.  5 U.S.C. § 8102(a).

---

[4]The CSRA expressly preserves federal employees' rights and remedies under several anti-discrimination statutes, including Title VII.  5 U.S.C. § 2302(d).

"The Secretary [of Labor] must determine, as an initial matter, whether a claim falls within the purview of the FECA.  When a claim is presented to the court without having first been submitted to the Secretary for a ruling on FECA coverage, the court must permit the Secretary to evaluate the claim if there is a substantial question that FECA coverage exists.  A substantial question regarding [FECA] coverage exists unless it is certain the Secretary would not find coverage."  Id.

The courts do not have jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies.  Tippets, 308 F.3d at 1094.

A claim for emotional distress presents a substantial question of FECA coverage. Tippets, 308 F.3d at 1094-95. "[I]t does not matter whether the injury was caused by an intentional or negligent act" or that "emotional distress was not accompanied by physical manifestations or emotional illness." Id. at 1095.  Therefore, the plaintiffs' claims for intentional infliction of emotional distress must be presented to the Secretary of Labor for a determination of FECA coverage prior to being asserted in this court.

However, "[i]f a plaintiff brings an action in federal court, but a question exists as to whether FECA might cover the claim, the court must stay its proceedings pending the final decision of the Secretary of Labor regarding FECA coverage" in order to "avoid running the Tort Claims Act statute of limitation and leaving plaintiffs remediless."  Tarver v. United States, 25 F.3d 900, 902 (10th Cir. 1994); Farley v. United States, 162 F.3d 613, 616 (10th Cir. 1998).

In order to maintain a claim under the Federal Tort Claims Act ("FTCA"), a plaintiff must comply with several strictly construed prerequisites to suit.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the immunity of the United States

and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended"). Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or the claim "shall be forever barred." 28 U.S.C. § 2401(b). "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA." Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991). The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

It appears from the allegations of the Complaint that the two year statute of limitations imposed by the FTCA has expired on the plaintiffs' claims for intentional infliction of emotional distress. Thus, it is unclear whether the court has jurisdiction to stay these claims pending a FECA review by the Secretary of Labor. Because this issue raises a factual challenge to subject matter jurisdiction, I set an evidentiary hearing to determine whether the plaintiffs' claims for intentional infliction of emotional distress are barred by the two year statute of limitation under the Federal Tort Claims Act. See Holt, 46 F.3d at 1003.

The day prior to the hearing, the parties filed a Stipulation of Facts [Doc. #81] in which the plaintiffs admitted that they "do not have claims cognizable under the [FTCA] that arose within the two years prior to the commencement of this civil action" and acknowledging that "any claims based on the allegations raised in their amended complaints . . . that could have been brought under either the Federal Tort Claims Act or the Federal Employee Compensation Act have been abandoned since they were not brought within the applicable statute of limitations period." Id. at ¶¶3-4. Accordingly, the plaintiffs' tort claims are barred.

7

I respectfully RECOMMEND:

(1)     The Motions [Docs. # 54 and 63] be GRANTED and judgment enter in favor of the defendants on Claim Two; and

(2)     The caption be amended to reflect Janet Napolitano, Secretary of the Department of Homeland Security, as the only defendant.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 2, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge