**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-02223-WJM-BNB

INGRID M. CARTINELLE,
JOHN F. NOBLE,

      Plaintiffs,

v.

JANET NAPOLITANO, Secretary of the Department of Homeland Security,

      Defendant.

---

**ORDER GRANTING MOTION FOR SEPARATE TRIALS
AND VACATING CURRENT TRIAL DATE**

---

This matter is before the Court on Defendant's "Motion to Sever, or, in the Alternative, for Separate Trials" (ECF No. 97).

## I. BACKGROUND

Plaintiffs are former employees of the Transportation Security Administration ("TSA") at Denver International Airport.[1]  On December 7, 2009, Plaintiffs filed an Amended Complaint alleging that the TSA discriminated against them in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[2]

Plaintiff Cartinelle alleges, among other things, that her supervisors and

---

[1] (ECF No. 21, ¶ 10.)

[2] The Amended Complaint included other plaintiffs and claims that have since been dismissed.  (*See* ECF Nos. 53, 94.)

1

managers at the TSA subjected her to a hostile work environment based on her sex.[3]

Plaintiff Noble alleges he was subjected to race discrimination when he was subjected to discriminatory disparate treatment and a hostile work environment based on his race.[4]

## II. DISCUSSION

Defendant argues Plaintiffs' respective claims should be severed under Rule 21 or tried separately under Rule 42(b) because they do not arise out of the same transaction or occurrence or series of transactions or occurrences.[5] Defendant further argues that, given the potential for confusion of facts and legal theories, trying the claims jointly would unfairly prejudice Defendant.[6] The Court agrees that trying the claims jointly will unfairly prejudice Defendant. The Court concludes that the proper relief is to hold separate trials under Rule 42(b).[7]

Pursuant to FED. R. CIV. P. 42(b), a district court has broad discretion to order separate trials. *See United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). The Court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize, . . .

---

[3] (ECF No. 21 at 4-6.)

[4] (*Id.* at 9-12.)

[5] (ECF No. 97 ¶ 11.)

[6] (*Id.*)

[7] For the difference between Rules 42(b) and 21, *see generally* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2387 (3d ed. 2010) ("Separate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently.").

. " FED. R. CIV. P. 42(b).  Doing so, however, is an abuse of discretion if it is unfair or prejudicial to a party.  *See Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

In this case, the Court finds that separate trials are warranted because Plaintiffs' respective claims are clearly separable and because trying them in a single proceeding will likely confuse the jury and unduly prejudice Defendant.  *See Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (bifurcation of issues not an abuse of discretion if interests advanced by Rule 42(b) favor separation of issues and the issues are clearly separable) (citation omitted); *York v. AT & T*, 95 F.3d 948, 957-58 (10th Cir. 1996) ("Such decisions [on bifurcation] must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury.").

The Court acknowledges there are some similarities between the Plaintiffs' respective claims.  Plaintiffs are both suing their former employer, the TSA, for employment discrimination they allegedly suffered while working at Denver International Airport during, roughly, the same period.  The similarities, however, largely end there.

First, Plaintiffs are alleging different types of discrimination.  Cartinelle alleges discrimination because of her sex (female).  Noble, in contrast, alleges discrimination because of his race (African-American).

Second, the list of incidents detailed in Plaintiffs' respective sets of allegations do not overlap, *i.e.*, they are completely separate.[8]  Cartinelle alleges a series of incidents

---

[8] (*Compare* ECF No. 21 ¶14, *with* ECF No. 21 ¶16).

from 2002 to 2007 ranging from supervisors referring to her as a "broad" to having a dead rat placed at her work station.  Noble alleges a series of incidents from 2004 to 2008 in which, among other things, he was asked to write false statements about two female minority employees and was wrongly accused of defrauding the government.[9]

Finally, Plaintiffs' respective allegations identify different supervisors or other employees involved in the alleged discrimination.  The allegations specific to Cartinelle name the following supervisors or employees:  Richard Meyers, William Pickle, Patrick Ahlstrom, Wes Fue, and Al Meyers.[10]  The allegations specific to Noble, in contrast, name the following supervisors or employees:  Mark Schmidt, Dean Slack, Mary Oliver, Cinda Clark, Ann Drain, Judith Singleton, and Santo Savoia.[11]  None of these names overlap.[12]

Plaintiffs attempt to tie these disparate allegations together by arguing it is their intent to show that the TSA engaged in a practice of discriminatory behavior and a pattern of discrimination.[13]  To the extent Plaintiffs suggest they will employ a "pattern or

---

[9]The Court acknowledges that, depending on the level of specificity used to characterize Plaintiffs' respective allegations, those allegations may overlap.  For example, both Plaintiffs allege they were denied positions or promotions because of their protected class.  The specific incidents behind those denials, however, are quite different.  (*Compare* ECF No. 21 ¶14.d and 14.e, *with* ECF No. 21 ¶16.j).

[10](ECF No. 21 ¶ 14.)

[11](ECF No. 21 ¶ 16.)

[12]Despite these differences, Plaintiffs maintain that many of "these persons will be common witnesses in the trial of the claims of each of the Plaintiffs." (ECF No. 99 ¶ 3.)  Assuming that to be true, the Court would still separate the trials to avoid prejudice and jury confusion.

[13](ECF No. 99 ¶¶ 4-5.)

4

practice" method of proof, the Court rejects that argument—as that method of proof is available only to the government and class actions. *See Semsroth v. City of Wichita*, 304 F. App'x 707, 715-17 (10th Cir. 2008). To the extent Plaintiffs suggest they intend on showing a pattern of disparate treatment through other methods of proof, *i.e.*, the *McDonnell Douglas* pattern of proof, the Court concludes that separate trials will not hinder that goal.

Given the scope of the incidents alleged in Plaintiffs' respective claims, and the lack of intersection between those incidents, the Court will not allow those claims to be tried jointly.

### III. CONCLUSION

Accordingly, in the interest of justice and to avoid prejudice and jury confusion, the Court GRANTS Defendant's Motion (ECF No. 97) insofar as it seeks separate trials. The Court notes there is a conflict in the Court's trial schedule necessitating new trial dates in this case. The Court therefore ORDERS as follows:

1. Defendant's Motion, insofar as it seeks separate trials for Plaintiffs' claims, is GRANTED. The Court will hold two separate jury trials, each of 5 days in length, on the claims of Plaintiffs Ingrid Cartinelle and John Noble;

2. The Final Trial Preparation Conference, currently set for May 17, 2011 at 2:00 p.m., as well as the jury trial scheduled to commence on June 6, 2011, are hereby VACATED; and

3. Counsel will coordinate a single call to Chambers (Tel. No. 303/335-2805) on Friday, April 1, 2011 at 11:00 a.m. in order to schedule the respective Final Trial Preparation Conferences and the 5-day jury trials to be separately held on the claims of

Plaintiffs Cartinelle and Noble.

Dated this 29th day of March, 2011

BY THE COURT:

s/ *William J. Martínez*
United States District Judge