**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-2223-WJM-BNB

INGRID M. CARTINELLE, and
JOHN F. NOBLE,

      Plaintiffs,

v.

JANET NAPOLITANO, Secretary, Department of Homeland Security,

      Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 6, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF CARTINELLE'S TITLE VII CLAIM**

---

      This matter is before the Court on the April 6, 2011 Recommendation by U.S. Magistrate Judge Boyd N. Boland that Defendant's Motion for Summary Judgment (ECF No. 64) be granted. (ECF No. 107.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, the Magistrate Judge's Recommendation is AFFIRMED and Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff Ingrid Cartinelle's claim of hostile work environment based on gender.

## I. LEGAL STANDARD

      When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return

the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The analysis to be applied on a motion for summary judgment differs depending on whether the moving party is also the party with the burden of proof at trial. Where, as here, the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir.

2002).

## II.  BACKGROUND

Plaintiff Ingrid Cartinelle worked for Defendant Department of Homeland Security ("DHS") at Denver International Airport.  Plaintiff alleges she was subjected to sexual harassment resulting in a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII")  (Am. Compl. (ECF No. 21) ¶ 14.)

After parsing Plaintiff's claims, the Magistrate Judge found that Plaintiff had failed to show a genuine dispute of material fact with respect to whether the harassment suffered by Plaintiff was severe or pervasive and based on her gender. (Recommendation (ECF No. 107) pp. 11-16.)  The Magistrate Judge therefore recommended that Defendant's Motion for Summary Judgment be granted on Plaintiff's Title VII claims.

Plaintiff filed a timely objection to the Magistrate Judge's Recommendation. Accordingly, the Court will review *de novo* Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim.

## III.  ANALYSIS

Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's ... sex."  42 U.S.C. § 2000e-2(a)(1).  To establish a hostile work environment claim, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (internal citations and quotations omitted). "A discriminatory and abusive environment must affect the employee's work environment so substantially as to make it intolerable for her to continue . . . ." *Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167, 170 (10th Cir. 1996). "The mere utterance of a statement which '"engenders offensive feelings in an employee' would not affect the conditions of employment to a sufficient[ly] significant degree to violate Title VII." *Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

The plaintiff must also show that the discrimination occurred because of her gender. *See Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998). "If the nature of an employee's environment, however unpleasant, is not due to her gender, she has not been the victim of sex discrimination as a result of that environment." *Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 538 (10th Cir. 1994).

Before turning to the merits of Plaintiff's hostile work environment claim, the Court must address the deficiencies of Plaintiff's filings in this case. In his Recommendation, the Magistrate Judge generally observed: "Many of the plaintiffs'[1] facts are stated without any citation to supporting evidence; with citations that do not

---

[1] The Magistrate Judge's Recommendation analyzed both Plaintiff Cartinelle's and Plaintiff John Noble's claims in the same document. (ECF No. 107.) The Court has held that separate trials of the two Plaintiffs claims are appropriate because their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. (ECF No. 101.) Accordingly, the Court will analyze the Plaintiffs' claims separately and enter a separate order on Defendant's Motion for Summary Judgment for each Plaintiff.

support the factual statements; or with citations to multi-page documents but not to the specific page number(s) of the documents." (*Id.* at 2.) When analyzing Plaintiff's hostile work environment claims, the Magistrate Judge repeatedly noted that Plaintiff had failed to cite evidence in the record supporting her claims and/or had cited evidence that did not support the allegation she put forth. (*Id.* at 11-16.) The Magistrate Judge recited the list of events which Plaintiff claimed subjected her to a hostile work environment and then stated: "Ms. Cartinelle fails to cite any evidence in the record further describing these incidents. This failure is fatal to her claim." (*Id.* at 11.)

Considering these statements, one might expect that Plaintiff's Objection to the Recommendation to be full of citations to the specific portions of the record showing that she was subjected to a hostile work environment based on her gender. Instead, the portion of the Objection devoted to Plaintiff Cartinelle's claims includes only <u>five</u> record cites. (Objection (ECF No. 108) p. 2.) Though Plaintiff's Opposition and its supporting evidence was filed through the Court's electronic case management system, which assigns every document a separate number, Plaintiff's Objection does not refer to these document numbers. Instead, Plaintiff simply names the relevant documents, such as "Letter of Annie Velasco, Statement of Mr. Love, photos of the dead rat", without providing any information as to where such documents may be located in the record. (*Id.* at 3.)

Local Rule 7.1(D) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made." D.C.COLO.LCivR 7.1(D). In addition, the undersigned's Revised Practice Standards

clearly state:

> General references to cases, pleadings, depositions, or documents are insufficient if the document is over one page in length. The parties shall provide specific references in the form of precise citations, page number or paragraph number to identify those portions of the cases, pleadings, depositions, or documents relevant to the argument presented. Failure to follow these citation requirements will result in the striking of the offending documents and/or such other sanction this court deems appropriate under the circumstances.

WJM Revised Practice Standards II.F.2.

Plaintiff's filings in this case have blatantly violated these rules and standards. There are paragraphs containing numerous factual allegations and not a single record citation. When Plaintiff does say what evidence supports her point, she often cites to affidavits simply by naming the affiant and fails to include any information as to where in the record that affidavit appears. For example, in her Opposition to the Motion for Summary Judgment, Plaintiff states: "Federal Security Director, Patrick Ahlstrom also admits in his Affidavit, attached hereto, that . . ." (ECF No. 69 at 8.) There are forty-seven exhibits attached to the Plaintiff's Opposition; only two are labeled and there is no table of contents. Given Plaintiff's deficient citation, the only way the Court could possibly hope to locate Ahlstrom's affidavit would be to search through each of the forty-seven exhibits.

Moreover, Plaintiff fails to include citations to specific page and/or paragraph numbers, as expressly required by the above-cited Local Rule and Court Practice Standard. For example, Plaintiff's Opposition to the Motion for Summary Judgment

states: "It is undisputed that the scheduled overtime of other employees was not cancelled, or at least there is a significant dispute of material fact about the issue. See Exhibit 1 Deposition of Ingrid Cartinelle." (ECF No. 69 at 15.) Exhibit 1 is *ninety-two pages long*. Given Plaintiff's deficient citation, the only way for the Court to confirm the accuracy of Plaintiff's factual contention with respect to the cancellation of other employees' overtime would be to search through all ninety-two pages of Plaintiff's deposition.

The Court has no obligation to sift through Plaintiff's evidence to determine if there is a trial-worthy issue as to whether Plaintiff was subjected to a hostile work environment based on her gender. *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [her]."). "[O]n a motion for summary judgment, 'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004). Plaintiff's filings in this case have utterly failed to meet this burden and this failure, in and of itself, is sufficient reason to grant summary judgment in favor of Defendant. *See Mitchell*, 218 F.3d at 1199 (holding summary judgment is appropriate when an opposition is "limited to conclusory statements and . . . void of cites to the specific portions" of the record containing relevant evidence).

However, despite Plaintiff's repeated violation of local rules, the Court has considered the merits of Plaintiff's claim. The Court has reviewed *de novo* the arguments put forth by counsel in the briefing on the Motion for Summary Judgment as

well as the evidence properly cited by the parties in support of their arguments. In a hostile work environment case, the "critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998). Plaintiff has failed to properly cite for this Court's consideration sufficient evidence demonstrating a material factual dispute as to whether any harassment she suffered was the result of her gender as opposed to general workplace mistreatment. Accordingly, summary judgment in favor of Defendant is appropriate. *See Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 538 (10th Cir. 1994) ("If the nature of an employee's environment, however unpleasant, is not due to her gender, she has not been the victim of sex discrimination as a result of that environment.").

## IV.  CONCLUSION

For the reasons stated above, the Magistrate Judge's April 6, 2011 Recommendation is AFFIRMED. Defendant's Motion for Summary Judgment is hereby GRANTED as to Plaintiff Ingrid Cartinelle and her Title VII claim is DISMISSED WITH PREJUDICE. All current Court settings related to Plaintiff Cartinelle are hereby VACATED. The Clerk shall forthwith enter Final Judgment in favor of Defendant.

Dated this 1st day of July, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge