**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-2223-WJM-BNB

INGRID M. CARTINELLE, and
JOHN F. NOBLE,

    Plaintiffs,

v.

JANET NAPOLITANO, Secretary, Department of Homeland Security,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 6, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF NOBLE'S TITLE VII CLAIMS**

---

    This matter is before the Court on the April 6, 2011 Recommendation by U.S. Magistrate Judge Boyd N. Boland that Defendant's Motion for Summary Judgment (ECF No. 64) be granted.  (ECF No. 107.)  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  For the reasons stated below, the Magistrate Judge's Recommendation is AFFIRMED and Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff John Noble's claims for hostile work environment based on race and retaliation for filing charges of discrimination.

## I.  LEGAL STANDARD

    When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge

may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The analysis to be applied on a motion for summary judgment differs depending on whether the moving party is also the party with the burden of proof at trial. Where, as here, the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.

Supp. 2d 1106, 1111 (D. Colo. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

## II. ANALYSIS

Plaintiff John Noble is an African-American man who worked for Defendant Department of Homeland Security ("DHS") at Denver International Airport. Plaintiff alleges he was subjected to a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and retaliated against for filing charges with the U.S. Equal Employment Opportunity Commission ("EEOC") related to his discrimination.[1] (Am. Compl. (ECF No. 21) ¶ 16.) After completion of discovery, Defendant moved for summary judgment on Plaintiff's claims. Defendant argued that Plaintiff had failed to exhaust certain claims and that, as to the claims that were exhausted, Plaintiff had failed to establish a factual dispute as to whether he was entitled to relief. (ECF No. 64.) Magistrate Judge Boland entered a Recommendation finding that certain claims were not exhausted and recommending that summary judgment be granted in favor of Defendant. (ECF No. 107.) The Court will examine each of these issues in turn below.

**A.      Exhaustion**

The Magistrate Judge found that the incidents described in paragraphs 16(d), 16(e), 16(g), 16(i), 16(j), and 16(k) of the Amended Complaint were not properly

---

[1] Plaintiff's Amended Complaint appears to allege that he was retaliated against for taking medical leave but does not purport to be filed under the Family Medical Leave Act. (*See* ECF No. 21 ¶¶ 16-17.) As discussed below, the Magistrate Judge found that Plaintiff had not properly exhausted any claims related to his medical condition. (ECF No. 107 at 24.) Plaintiff does not object to the Magistrate Judge's finding. Accordingly, the Court will not consider Plaintiff's retaliation claim related to his use of medical leave in this Order.

exhausted because these incidents did not fall within the scope of any of the four charges of discrimination Plaintiff Noble filed with the EEOC. (ECF No. 107 at 24-25.) Plaintiff has not objected to this finding.

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")). The Court has reviewed the Magistrate Judge's analysis with respect to Plaintiff's exhaustion and agrees with his conclusions. Accordingly, the Court finds that Plaintiff failed to properly exhaust the allegations contained in paragraphs 16(d), 16(e), 16(g), 16(i), 16(j), and 16(k) of the Amended Complaint and will not consider these events in determining whether summary judgment in appropriate on Plaintiff's claims.

The Magistrate Judge also found that Plaintiff had failed to exhaust his allegation that he was subjected to disparate treatment after an incident in which a chair was thrown. Because it was not exhausted, the Magistrate Judge refused to consider any evidence related to the chair event. (ECF No. 107 at 36 n.16.) Plaintiff objects to the Magistrate Judge's refusal to consider this evidence. (ECF No. 108 at 6.) Because Plaintiff has specifically objected to this ruling, the Court will review whether this allegation was exhausted *de novo.*

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies with either the EEOC or the appropriate state employment practices agency.

*See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). In addition to those claims specifically put before the EEOC, the Court is permitted to exercise jurisdiction over claims falling within "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (quotation marks and citation omitted).

The Magistrate Judge found that Plaintiff had not included the allegation of discriminatory behavior relating to the chair incident in his EEOC charges of discrimination. (ECF No. 107 at 36 n.16.) Though Plaintiff objects to the Magistrate Judge's failure to consider this evidence, he does not argue that this incident was presented to the EEOC or otherwise properly exhausted. (ECF No. 108 at 6.) Rather, Plaintiff ignores the finding that this incident was not exhausted and argues that the affidavits describing this incident show that Plaintiff was subjected to disparate treatment. (*Id.* at 6-7.)

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). An EEOC charge must "contain the facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Jones*, 502 F.3d at 1186. "[B]ecause failure to exhaust administrative remedies is a bar

to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

The Court has reviewed Plaintiff's four EEOC charges and finds that Plaintiff failed to include allegations related to the chair incident in any of them. The chair incident is also not generally within the scope of the investigation into Plaintiff's other claims. Plaintiff bears the burden of establishing exhaustion and fails to include any evidence showing that his administrative remedies with respect to the chair incident had been exhausted. Accordingly, the Magistrate Judge did not err in refusing to consider any evidence related to the chair incident and the Court will likewise refuse to consider this evidence in its analysis.

**B.     Racial Discrimination and Retaliation**

After noting that Plaintiff's Amended Complaint does not clearly set forth the bases for his claims, the Magistrate Judge found that Plaintiff had properly exhausted his claims for hostile work environment based on race and retaliation for prior EEOC charges. (ECF No. 107 at 26.) Plaintiff does not object to this characterization of his claims. Accordingly, the Court will analyze whether Plaintiff has established a genuine factual dispute as to his claims for hostile work environment based on race and retaliation for EEOC activity.

1.     <u>Retaliation</u>

The Magistrate Judge found that Plaintiff failed to show a material factual dispute

as to whether he was retaliated against for filing discrimination charges with the EEOC. (ECF No. 107 at 32-37.)  Plaintiff's Objection does not mention his retaliation claim or argue that the Magistrate Judge's finding was erroneous with respect to the retaliation claim. (ECF No. 108.)  Plaintiff's Objection focuses only on his claim of hostile work environment based on race.

The Court has reviewed the Magistrate Judge's reasoning and analysis with regard to Plaintiff's claim of retaliation, and finds that it is supported by the record and not erroneous.  *See Summers*, 927 F.2d at 1167 (where no objection is filed, a court may review magistrate judge's report under any standard).  As such, the Magistrate Judge's Recommendation is ADOPTED to the extent that it recommends granting Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim.

    2.    <u>Hostile Work Environment</u>

The Magistrate Judge found that Plaintiff had failed to cite any evidence showing that his disparate treatment and/or hostile work environment was because of his race. (ECF No. 107 at 39.)  Plaintiff did object to this determination so the Court will review it *de novo*. (ECF No. 108.)

Title VII forbids employment discrimination on the basis of race.  42 U.S.C. § 2000e-2(a)(1).  "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).  To survive summary judgment on a racially hostile work environment claim, a plaintiff must show a rational jury could find from the totality of the circumstances:  (1) "that the workplace is permeated with discriminatory intimidation,

ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1219 (10th Cir. 2003), and (2) that the hostility or harassment is based upon the plaintiff's race, *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994).

"Title VII is not a code of workplace conduct, nor was it 'designed to bring about a magical transformation in the social mores of American workers.' " *Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir. 2005) (quoting *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1543 (10th Cir. 1995)).  The plaintiff must come forward with evidence from which a rational jury could find that he "was the object of harassment because of" his race.  *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998). Thus, a hostile work environment claim requires proof of not only severe or pervasive harassment but proof as well that the harassment is based on the plaintiff's race.

Before turning to the merits of Plaintiff's claim, the Court must first address the evidence provided by Plaintiff in opposition to the Motion for Summary Judgment.  "[O]n a motion for summary judgment, 'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record."  *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004).  The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]."  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000).

Local Rule 7.1(D) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made."

D.C.COLO.LCivR 7.1(D). In addition, the undersigned's Revised Practice Standards clearly state:

> General references to cases, pleadings, depositions, or documents are insufficient if the document is over one page in length. The parties shall provide specific references in the form of precise citations, page number or paragraph number to identify those portions of the cases, pleadings, depositions, or documents relevant to the argument presented. Failure to follow these citation requirements will result in the striking of the offending documents and/or such other sanction this court deems appropriate under the circumstances.

WJM Revised Practice Standards II.F.2.

Both Plaintiff's Opposition to the Motion for Summary Judgment and his Objection violate these rules. Rather than specifically citing evidence in the record, including page and/or paragraph numbers, Plaintiff refers generally to affidavits and investigative reports. For example, in Plaintiff's Opposition to the Motion for Summary Judgment, he argued that facts "set out in the affidavits" supported his claims of racial discrimination. (ECF No. 69 at 23.) Plaintiff's Objection states: "The Affidavit of Kristen Slayton, as well as the other affidavits and the Report of Investigations attached to the Plaintiffs' Response to the Summary Judgment Motion demonstrate that there is a dispute of material fact regarding the hostile work environment and the racial discrimination that Plaintiff Noble alleges, which should be allowed to go to trial." (ECF No. 108 at 5.)

In his Recommendation, the Magistrate Judge stated: "To the extent Mr. Noble cites to specific evidence in support of specific factual statements, I will consider the evidence. However, I will not read all of the affidavits and all of the investigation reports

in search of facts to support Mr. Noble's claims." (ECF No. 107 at 28.) The Magistrate Judge also generally observed: "Many of the plaintiffs'[2] facts are stated without any citation to supporting evidence; with citations that do not support the factual statements; or with citations to multi-page documents but not to the specific page number(s) of the documents." (*Id.* at 2.)

Even after these very specific admonishments were included by the Magistrate Judge in his Recommendation Order, Plaintiff's Objection thereto inexplicably continued this pattern, and is itself bereft of proper and adequate citations to the evidence in the record. The portion of the Objection devoted to Plaintiff Noble's claims includes only <u>four</u> record cites. (Objection (ECF No. 108) pp. 3-8.) Plaintiff's Objection often refers to evidence—sometimes even going so far as to quote from that evidence—without citing to the record. (*See id.* at 4-7.)

Plaintiff objects to the Magistrate Judge's refusal to consider all of his evidence. (ECF No. 108 at 8-9.) Plaintiff submitted 476 pages of evidence, including forty-seven exhibits that are not labeled and for which no table of contents is provided, in support of his Opposition to the Motion for Summary Judgment. (ECF No. 69.) The Magistrate Judge had no obligation to sift through the forty-seven exhibits to locate an affidavit referred to by Plaintiff only by the name of the affiant and then read through the affidavit—some of which are over ten pages long—to find the quoted portion. The

---

[2] The Magistrate Judge's Recommendation analyzed both Plaintiff Ingrid Cartinelle's and Plaintiff John Noble's claims. (ECF No. 107.) The Court has held that separate trials of the two Plaintiffs claims were appropriate because they do not arise out of the same transaction or occurrence or series of transactions or occurrences. (ECF No. 101.) Accordingly, the Court will analyze the Plaintiffs' claims separately and enter a separate order as to each Plaintiff.

10

Magistrate Judge's refusal to parse all of the affidavits to find the facts relevant to Plaintiff's racial discrimination claims was not in error. Because the Court also has no obligation to comb the record for facts favorable to the Plaintiff, the Court will likewise consider only the evidence specifically cited by Plaintiff in his Opposition to the Motion for Summary Judgment or in his Objection to the Magistrate Judge's Recommendation.

The Magistrate Judge found that Plaintiff had failed to cite any evidence showing that his mistreatment at work was based on his race. (ECF No. 107 at 36-39.) In his Objection, Plaintiff argues that he submitted evidence showing that Al Myers, a "Manager", referred to Plaintiff as "the smart nigger that they could not control", and that Myers "wanted [Plaintiff] out of his airport."[3] (ECF No. 108 at 4.) Myers also allegedly instructed employees to keep a notebook of Plaintiff's activities so that he could build a case for firing Plaintiff. (*Id.*)

The evidence of Myers's statements was entered into the record as part of Plaintiff's deposition. In his deposition, Plaintiff testified that Joseph Kautzman told him that Al Myers made these comments at a meeting Kautzman attended. (ECF No. 63-2 at 17.) To the extent they are offered for the truth of the matter asserted, Kautzman's statement to Plaintiff about what Myers said is hearsay *See* Fed. R. Evid. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

---

[3] Plaintiff cited to this evidence as "page 31 of John Noble's Deposition, Ex 9 to Plaintiff's Response." (ECF No. 108 at 4.) This citation is not accurate. Although not required to do so, the Court located Plaintiff's deposition at ECF No. 69-2 and read through it to find the relevant portion, which appears at p. 17 (as assigned through the Court's electronic filing system) or p. 52 (according to the transcript's pagination).

11

Plaintiff cites this evidence as showing that Myers believed he was a trouble employee and was out to get rid of him because of his race. Therefore, Plaintiff is offering Myers's statements for the truth of the matter asserted, and those statements are classic hearsay.

The Court cannot consider hearsay evidence in ruling on a motion for summary judgment. *See Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995). As the Tenth Circuit has held: "Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness' supposed testimony is 'not suitable grist for the summary judgment mill.'" *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (quoting *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998)). Because Plaintiff only cites to his deposition as evidence of Myers's statements and, as presented, such evidence is hearsay, the Court cannot consider Myers's statements in resolving the instant motion.

Plaintiff also argues that Kristen Slayton's affidavit establishes that Plaintiff was discriminated against based on his race.[4] (ECF No. 108-at 4.) However, Ms. Slayton's affidavit is also rife with hearsay. Ms. Slayton recounts a comment made to her by Mr. Blea in which Blea said that he believed Plaintiff was being treated differently based on Plaintiff's race. (ECF No. 69-34 at 2.) Again, Plaintiff offers these statement for the

---

[4] Plaintiff cites Ms. Slayton's affidavit as "Exhibit F-1, pp. 1,3,4.". (ECF No. 108 at 4.) On the Court's docket, there is no "Exhibit F-1." Though it was not obligated to do so, the Court has looked through all of the exhibits filed by Plaintiff and has located Ms. Slayton's affidavit at ECF No. 69-34.

truth of the matter asserted so Slayton's statements regarding Blea's comments are also hearsay.[5]

Plaintiff argues that the comments made by Blea are not hearsay because, if the case is allowed to proceed to trial, Slayton will be called as a witness and Blea will be called as an adverse witness. However, if Slayton were called as a witness for Plaintiff at trial, she would not be permitted to testify about statements made to her by others who had not been shown to be sufficiently aligned with Defendant such that their statements could be admissible as non-hearsay under FRE 801(d)(2). Such statements would be hearsay if recounted at trial, just as they are hearsay when presented via affidavit. If Blea himself took the stand, his statements about his beliefs would not be hearsay. But Plaintiff was free to depose Blea or obtain other testimonial evidence from Blea during discovery and to present that evidence in opposition to the Motion for Summary Judgment. Plaintiff apparently chose not to do so and, as a result, there is no competent evidence in the record before the Court regarding Blea's opinion as to whether Plaintiff was discriminated against based on his race. That Plaintiff could present potentially admissible evidence at trial does not change his burden on summary judgment. Because the only evidence in the record of Blea's statement is hearsay, the Court cannot consider it in ruling on the instant motion.

Plaintiff argues that the Magistrate Judge erred in generally considering

---

[5] Plaintiff fails to provide any evidence with regard to the position held by Blea with Defendant at the time this statement was made. Accordingly, he has failed to show that Blea's statements can be attributed to Defendant as an admission of a party-opponent under Federal Rule of Evidence 801(d)(2), and thus admissible as non-hearsay under that rule.

statements presented by Defendant and Defendant's witnesses while rejecting statements and affidavits offered by Plaintiff. (ECF No. 108 at 8-9.) Had the Magistrate Judge engaged in weighing the evidence to arrive at his Recommendation, it would have been error. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) (stating that "at the summary judgment stage the judge's function is not himself to weigh the evidence"); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (a court "may not make credibility determinations or weigh the evidence" in resolving a motion for summary judgment).

However, the Magistrate Judge did not weigh the evidence that was properly before him. Defendant presented its evidence in a concise manner with appropriate record citations. Defendant does not rely on hearsay or other inadmissible evidence. Because much of Plaintiff's evidence is either not properly cited to or is inadmissible, the Magistrate Judge rightly did not consider it. As stated previously, the failure to consider all 476 pages of Plaintiff's evidence is not error. Having reviewed the Recommendation and Plaintiff's Objection thereto, the Court finds that the Magistrate Judge properly considered all of the admissible evidence before him and did not engage in any weighing of that evidence.

The Court has reviewed *de novo* the arguments put forth by counsel in the briefing on the Motion for Summary Judgment as well as the evidence properly cited by the parties in support of their arguments. The Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to meet his burden of showing, by competent evidence properly cited to the Court for its consideration, that any harassment or

disparate treatment he suffered was based on his race. Accordingly, summary judgment in favor of Defendant is appropriate on Plaintiff's hostile work environment claim.

## IV.  CONCLUSION

For the reasons stated above, the Magistrate Judge's April 6, 2011 Recommendation is AFFIRMED. Defendant's Motion for Summary Judgment is hereby GRANTED as to Plaintiff John Noble and Plaintiff Noble's claims are DISMISSED WITH PREJUDICE. All current Court settings related to Plaintiff Noble are hereby VACATED. The Clerk shall forthwith enter Final Judgment in favor of Defendant.

Dated this 1st day of July, 2011.

BY THE COURT:

William J. Martínez
United States District Judge